IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ernest Bradford Hucks, | ) | Case No. 2:18-cv-00852-DCC-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| J Reuben Long Detention Center, Mediko, Missy Van Duser, | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On July 20, 2018, Defendant J Reuben Long Detention Center filed a Motion to Dismiss. ECF No. 23. On July 23, 2018, Defendant Mediko filed a Motion to Dismiss and Defendant Missy Van Duser filed a Motion for Summary Judgment. ECF Nos. 26, 27. On July 24, 2018, the Magistrate Judge issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the Motions. ECF No. 28. Despite the warning, Plaintiff failed to respond to any of

the Motions. The Magistrate Judge extended the response deadline an additional 20 days. ECF No. 30. Plaintiff again failed to respond.

On September 27, 2018, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for lack of prosecution and failure to comply with Court orders. ECF No. 34. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed no objections, and the time to do so has passed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the Report's

recommendation.  Accordingly, the Court adopts the Report by reference in this Order.

This action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

                                        s/ Donald C. Coggins, Jr.
                                        United States District Judge

October 17, 2018
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.